CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
7/7/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| PHILIP ANDREW HALEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF DANVILLE, ) <br> ) <br> Defendant. ) | Civil Action No. 4:25-cv-00006 <br><br> **MEMORANDUM OPINION** <br><br> By:   Hon. Thomas T. Cullen <br>         United States District Judge |

Plaintiff Philip Andrew Haley brought this action against the City of Danville ("the City") alleging discrimination and retaliation in violation of the Age Discrimination and Employment Act ("ADEA"). (Compl. ¶¶ 36–56 [ECF No. 1]); *see* 29 U.S.C. §§ 621–34. This case is before the court on the City's motion to dismiss Haley's retaliation claim (Count II) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 4.) For the reasons discussed below, the court will grant the City's motion, dismiss Haley's retaliation claim without prejudice, and grant Haley leave to file an amended complaint.

## I.   STATEMENT OF FACTS

The following facts are taken from Haley's complaint and, at this stage, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences are drawn in his favor. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

Haley began working for the City on or about August 1, 2018, as the Division Director of Power & Light. (Compl. ¶ 9.) Beginning in June 2023, Haley received a number of unwarranted disciplinary actions from his supervisor, Jason Grey. (*Id.* ¶¶ 13–15.) Haley also

contends that Grey was verbally abusive towards him and repeatedly "harassed" him. (*Id.* ¶¶ 16, 20.) In early 2024, Grey hired Steve Morrison as the Assistant Utilities Director, a position that had been unfilled since the start of Haley's employment with the City. (*Id.* ¶ 18.) Two weeks prior to Morrison's start date, Grey reassigned Haley's work vehicle to Morrison. (*Id.* ¶ 19.) Grey also reassigned many of Haley's job responsibilities to Morrison, and Morrison began supervising Haley. (*Id.*) Haley alleges that these disciplinary actions were based on false accusations, that Grey endeavored to force Haley out of his position, that Haley was demoted in favor of a younger worker, and—because Haley was 70 and Grey was "substantially younger"—that Grey took these actions on account of Haley's age. (*Id.* ¶¶ 6, 11, 15, 16, 20–22.)

In May 2024, Haley filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 23.) The EEOC notified the City of the charge in mid-May. (*Id.*) Haley alleges that the harassment he experienced in the workplace increased shortly thereafter. (*Id.* ¶ 24.) Anticipating immediate termination, "[h]aving little to no job to perform," and facing "intolerable" working conditions, Haley resigned effective June 7, 2024. (*Id.* ¶¶ 26, 27.)

The EEOC issued a right to sue letter on November 13, 2024. (*See* Compl. Ex. A [ECF No. 1-2].) Haley filed suit in this district on February 7, 2025, bringing claims for discrimination and retaliation in violation of the ADEA. On April 3, the City moved to dismiss Haley's retaliation claim. That motion has been fully briefed, and the matter is ripe now for disposition.[1]

---

[1] The court dispenses with oral argument because it would not aid the decisional process.

## II.   STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III.   ANALYSIS

Among other things, the ADEA makes it unlawful to "discriminate against any individual . . . because of such individual's age," and to discriminate against an employee "because such individual . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. §§ 623(a), 623(d). To state a claim for retaliation under the ADEA, "a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal link between he protected activity and the adverse action." *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) (en banc).

The City argues that the allegations in Haley's complaint do not satisfy the last two

elements of his retaliation claim because "he identifies no substantive acts of alleged retaliation that occurred in the three weeks between the City's mid-May notice of the Charge and his June 7 resignation." (Mem. Supp. Mot. Dismiss at 4 [ECF No. 5].) The court agrees.

The Fourth Circuit has recognized that "'retaliatory harassment' may constitute a materially adverse action," *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 694 (4th Cir. 2018), so long as it is "so severe and pervasive that it would dissuade a reasonable worker from making or supporting a charge of discrimination," *Laurent-Workman v. Wormuth*, 54 F.4th 201, 217 (4th Cir. 2022). Haley alleged that the harassment he experienced "increased after he filed his charge of discrimination and the City became aware of his protected activity," and that his subsequent working conditions were "intolerable."[2] (Compl. ¶¶ 24, 27.) But his allegations to that effect are entirely conclusory. He has not included any allegations from which the court can discern whether the retaliatory backlash he experienced can plausibly satisfy the "severe and pervasive" standard or merely amounts to "the ordinary tribulations of the workplace, that all employees experience." *Laurent-Workman*, 54 F.4th at 217 (internal quotations omitted). The court will not sanction a claim based on such "'naked assertion[s]' devoid of 'further factual enhancement,'" that amount to little more than "a formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). While Federal Rule of Civil Procedure 8(a)'s notice-pleading standard is not onerous, as Haley points

---

[2] Haley also alleges, in the same part of his complaint, that "Mr. Grey stripped Mr. Haley of his duties and provided them to a younger coworker. The City replaced Mr. Haley with a younger worker." (Compl. ¶ 25.) In light of the fact that Haley does not identify—by name, title, or otherwise—who the "younger coworker" or "younger worker" is, or provide any other details to explain that allegation, the court understands this allegation to refer to Haley's earlier factual allegation of Grey's hiring of Morrison, which occurred before Haley filed his EEOC charge. (*See* Compl. ¶¶ 18–19.) Because those actions occurred before Haley's protected activity, this allegation cannot satisfy the second element of Haley's retaliation claim. If Haley intended to allege otherwise, he is obliged to clarify that allegation in an amended pleading.

out in his response, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

In his response, Haley requests leave to amend his complaint, explaining that "[i]t is possible for Plaintiff to plead additional or alternative facts related to the 'increased' harassment he was subjected to, and the removal of his duties after May 2024, and any additional facts regarding retaliatory acts taken against him after he engaged in protected activity, thus making it clear that leave to amend is warranted."[3] (Mem. Opp. Mot. Dismiss at 8 [ECF No. 10].) The court will grant that request.

## IV. Conclusion

For the foregoing reasons, the City's motion to dismiss Haley's retaliation claim will be granted, and Haley may file an amended complaint within 14 days, if he so chooses.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 7th day of July, 2025.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[3] Why this information was not included in Haley's initial complaint is unclear, given its clear relevance to his stated cause of action.